**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114127

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Danielle Ward,<br><br>　　　　　　Plaintiff,<br><br>　　　vs.<br><br>Gold Key Credit, Inc.,<br><br>　　　　　　Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Danielle Ward (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Gold Key Credit, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Danielle Ward is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Gold Key Credit, Inc., is a Florida Corporation with a principal place of business in Hernando County, Florida.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated May 9, 2017. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

19. The written notice must contain the amount of the debt.

20. The written notice must contain the name of the creditor to whom the debt is owed.

21. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

22. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

23. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

24. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

25. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

26. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

27. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

28. Demanding immediate payment without explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

29. Demanding immediate payment without providing transitional language explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

30. Defendant has demanded Plaintiff make payment during the validation period.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

31. Defendant has demanded Plaintiff make payment during the validation period without explaining that such demand does not override the Plaintiff's right to dispute the debt.

32. Defendant has demanded Plaintiff make payment during the validation period without explaining that such demand does not override the Plaintiff's right to demand validation of the debt.

33. While Defendant's Letter includes the 15 U.S.C. § 1692g validation language, such is located below the signature line.

34. While Defendant's Letter includes the 15 U.S.C. § 1692g validation language, such is located below the signature line, with no language directing the consumer's attention to the consumer's validation rights.

35. While Defendant's letter includes the 15 U.S.C. § 1692g validation language, such is inconspicuous.

36. While Defendant's letter includes the 15 U.S.C. § 1692g validation language, such is overshadowed by the demand for payment.

37. Defendant's demand for payment would likely make the least sophisticated consumer uncertain as to her rights.

38. Defendant's demand for payment would likely make the least sophisticated consumer confused as to her rights.

39. The collection letter, as written, would likely make the least sophisticated consumer forego his validation rights.

40. Defendant violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e
## Misleading Representations as to Credit Reporting

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

42. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. While 15 U.S.C. § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

44. The Letter states, "Please be advised that Gold Key Credit, Inc. reports to TransUnion and Equifax and your account may be reported if it is not paid."

45. The above statement, while not technically false, is nevertheless deceptive and misleading within the meaning of 15 U.S.C. § 1692e insofar as it impresses upon the least sophisticated consumer the possibility that nonpayment may result in her account being reported, and her credit damaged, while failing to provide any indication of additional reporting obligations, imposed on Defendant by law, that may mitigate the negative impact caused by Defendant's reporting of the consumer's unpaid account.

46. More specifically, the Letter makes material omissions concerning additional credit reporting obligations that may be triggered in the event that the consumer exercises her right under 15 U.S.C. § 1692g to dispute the validity of the debt and/or in the event that the consumer makes a partial payment.

47. For instance, 15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to communicate to any person information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

48. Similarly, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2, which governs "Responsibilities of furnishers of information to consumer reporting agencies," imposes a duty to correct and update information on any person who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer. 15 U.S.C. § 1681s-2(a)(2)(A).

49. 15 U.S.C. § 1681s-2(A)(2)(B) provides that any such person who has furnished to a consumer reporting agency information that the person determines is not complete or accurate shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

50. 15 U.S.C. § 1681-s(2)(a)(3) provides that if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

51. 15 U.S.C. § 1681(c)(a)(4) provides that no consumer reporting agency may make

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

any consumer report containing accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

52. The Letter, as written, especially with respect to the credit reporting language described above, could mislead the least sophisticated consumer into believing the only way to prevent her account from being reported is to remit payment for the full amount requested.

53. Upon reading of the Letter, as written, especially with respect to the credit reporting language described above, the least sophisticated consumer would be unaware of the material fact that, if she exercises her right to dispute the validity of the debt pursuant to 15 U.S.C. § 1692g <u>before</u> Defendant reports Plaintiff's account information to TransUnion and Equifax, then any such subsequent reporting would have to include a notice that Plaintiff's debt has been disputed.

54. Upon reading the Letter, as written, especially with respect to the credit reporting language described above, the least sophisticated consumer would be unaware of the material fact that, if she exercises her right to dispute the validity of the debt pursuant to 15 U.S.C. § 1692g <u>after</u> Defendant reports Plaintiff's account information to TransUnion and Equifax, then Defendant would be obligated to promptly notify TransUnion and Equifax that the information previously provided has been disputed.

55. Upon reading the Letter, as written, especially with respect to the credit reporting language described above, the least sophisticated consumer would be unaware of the material fact that, if she exercises her right to dispute the validity of the debt pursuant to 15 U.S.C. § 1692g <u>after</u> Defendant reports Plaintiff's account information to TransUnion and Equifax, then in the event that Defendant is unable to verify the validity of the debt, Defendant is obligated to promptly report such result to TransUnion and Equifax.

56. The Letter, as written, especially with respect to the credit reporting language described above, could mislead the least sophisticated consumer into believing that, in the event Defendant reports Plaintiff's account information to TransUnion and Equifax, the debt would remain on her credit report for more than seven years.

57. The Letter, as written, especially with respect to the credit reporting language described above, could mislead the least sophisticated consumer into remitting payment, in lieu of exercising her validation rights, in order to avoid damage to her credit, even if the consumer genuinely believes the debt is invalid when, in fact, Defendant would be obligated to notify

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

TransUnion and Equifax if it was unable to verify the validity of a disputed debt.

58. Even if the least sophisticated consumer is unsure as to the validity or invalidity of the debt, the Letter, as written, especially with respect to the credit reporting language described above, could mislead the least sophisticated consumer into remitting payment in order to avoid damage to her credit, even if the consumer would otherwise like to exercise her right to dispute the validity of the debt.

59. The Letter, as written, especially with respect to the credit reporting language described above, could mislead the least sophisticated consuming into remitting payment sooner than she is financially prepared to do so in order to avoid what she perceives as strict damage to her credit when, in fact, such damage could be mitigated through a later dispute as to the validity of the debt and/or partial payment(s).

60. The Letter, as written, especially with respect to the credit reporting language described above, could induce the least sophisticated to remit payment, based on incomplete information, that would not otherwise be remitted.

61. Because the Letter's statement concerning reporting Plaintiff's account information to TransUnion or Equifax is reasonably susceptible to a number of inaccurate readings, as described above, is deceptive within the meaning of the FDCPA.

62. The least sophisticated consumer would likely be deceived by Defendant's conduct.

63. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

64. Defendant has violated 15 U.S.C. § 1692e by using a deceptive and misleading representation in its attempt to collect a debt.

### JURY DEMAND

65. Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

      c.      Plaintiff's costs; all together with

      d.      Such other relief that the Court determines is just and proper.

DATED: May 9, 2018

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 114127