UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUGu 6, 2019 ★
BROOKLYN OFFICE

------------------------------------------------------------ x
DANIELLE WARD,                          :
                                        :
                        Plaintiff,      :
                                        :       <u>ORDER</u>
        -against-                       :
                                        :       2:18-cv-2834 (ENV) (RML)
GOLD KEY CREDIT, INC.,                  :
                                        :
                        Defendant.      :
------------------------------------------------------------ x

VITALIANO, D.J.

    Plaintiff Danielle Ward commenced this action on May 11, 2018, against defendant Gold

Key Credit, Inc., alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692(e), (g) ("FDCPA"). Dkt. 1. On November 19, 2019, defendant moved to dismiss the

complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 11. After the

case was transferred to this Court on March 25, 2019, the motion was referred to Magistrate

Judge Robert M. Levy for a Report & Recommendation. *See* Order Referring Motion, dated

Mar. 29, 2019. Judge Levy issued his Report & Recommendation on July 11, 2019. Dkt. 13

("R&R"). The R&R recommends that the motion be granted and that the case be dismissed.

    Plaintiff contends that the collection letter at issue violated FDCPA by (1) demanding

immediate payment without providing "transitional language," notwithstanding language in the

collection letter about the relevant validation period[1] and (2) "threaten[ing] to report the

consumer to the credit bureaus during the validation period." *Id.* at 2. Applying the "least

sophisticated consumer" standard to the collection letter, Judge Levy determined that that letter

did not demand immediate payment that would "overshadow" the validation notice, *id.* at 6, and,

---

[1] "Under §1692g, a consumer is provided with a thirty-day window to dispute the validity of a
debt after receiving a collection letter." *Id.* at 4.

1

moreover, that defendant had a legal right to "inform [the] consumer that it may report an unpaid account." *Id.* at 7. Accordingly, presented with a classic demurrer, Judge Levy concluded, on the facts alleged by plaintiff, that defendant had not violated FDCPA and that Ward's complaint should be dismissed.

Notice of time to object to the R&R was given, but no party has objected within the prescribed time to do so. *See* R&R at 8.

## Discussion

Where no party has objected to a report and recommendation, clear error review applies. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). Having carefully reviewed the R&R in accordance with this standard, the Court finds it to be correct, well-reasoned and free of any clear error. The Court, therefore, adopts the R&R, in its entirety, as the opinion of the Court.

## Conclusion

For the foregoing reasons, the R&R is adopted, in its entirety, as the opinion of the Court. Defendant's motion to dismiss is granted. The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
August 3, 2019

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge

2